

January 14, 1992

IN THE SUPREME COURT OF THE
COMMONWEALTH OF THE NORTHERN MARIANA ISLANDS

| | |
|---|---|
| JUAN B. CAMACHO, <u>et al.</u>, ) | APPEAL NO. 89-015 |
| ) | CIVIL ACTION NO. 88-270 |
| Plaintiffs/Appellants, ) | |
| ) | |
| vs. ) | AMENDED DECISION |
| ) | AND ORDER |
| J. C. TENORIO ENTERPRISES, INC., ) | |
| ) | |
| Defendant/Appellee. ) | |
| ) | |

BEFORE: DELA CRUZ, Chief Justice, and VILLAGOMEZ and BORJA, Justices.

BORJA, Justice:

The Commonwealth Trial Court (now Superior Court) assessed sanctions against Juan B. Camacho and his counsel, Douglas F. Cushnie (hereafter plaintiffs), for filing a frivolous complaint against J. C. Tenorio Enterprises, Inc. (hereafter defendant). Plaintiffs appealed the award of sanctions to the Appellate Division of the District Court for the Northern Mariana Islands (hereafter Appellate Division).[1] The Appellate Division affirmed the award of sanctions on April 16, 1989, and assessed an

---

[1] Prior to May 2, 1989, the effective date of Public Law 6-25, which created this Court, the Appellate Division had jurisdiction to hear the appeal. <u>See</u> <u>Pangelinan v. Unknown Heirs of Mangarero</u>, No. 90-015, 1 N.Mar.I. 141 (Nov. 1, 1990); <u>Vaughn v. Bank of Guam</u>, No. 89-004, 1 N.Mar.I. 58 (June 6, 1990); <u>Wabol v. Villacrusis</u>, No. 89-005, 1 N.Mar.I. 19 (Dec. 11, 1989).

additional sanction for filing a frivolous appeal. It assessed "sanctions of $2500 plus double costs to be paid equally by attorney Cushnie and his client Camacho." Camacho v. J. C. Tenorio Enterprises, Inc., 3 CR 965, 971 (D.N.M.I. App.Div. April 16, 1989).

On April 24, 1989, defendant filed in the Appellate Division a petition for rehearing seeking clarification of the April 16, 1989, opinion. It sought clarification whether the court awarded defendant "reimbursement for all reasonable attorney's fees actually incurred in defending against this appeal, or the fixed sum of $2,500." Appellee's Excerpts of Record at 80-81 (hereafter Excerpts). It further sought clarification whether the "award of fees and costs be made joint and several against the appellant and his attorney." Id. at 81.

The Appellate Division did not act on defendant's petition before May 2, 1989.

On May 2, 1989, the Judicial Reorganization Act of 1989 was enacted into law (Public Law 6-25, 1 CMC §§ 3001 et seq.). This law, among other things, established the Supreme Court of the Commonwealth of the Northern Mariana Islands and vested jurisdiction over all appeals then pending in the Appellate Division. See Wabol v. Villacrusis, supra. The statute defines "pending appeal" as an appeal where the "final controlling mandate of the appellate tribunal having jurisdiction of the appeal has not been received by the Commonwealth Trial Court." 1 CMC § 3108(c).

Because of the enactment of Public Law 6-25, defendant moved

to dismiss the pending appeal in the Appellate Division for lack of jurisdiction. The Appellate Division denied defendant's motion. Camacho v. J.C. Tenorio Enterprises, Inc., No. 88-9019, Decision and Order (D.N.M.I. App.Div. June 6, 1989).

The Appellate Division, on August 30, 1989, issued an "Order Amending Opinion of April 16, 1989." This order noted that the "panel finds that no response or oral argument of this motion is necessary. . . ." The order then granted defendant's request and struck the language awarding $2500 against Cushnie and Camacho. In its stead, the court awarded "double costs and double attorney's fees" and made both Cushnie and Camacho jointly and severally liable for the costs and fees awarded. Defendant was ordered to submit its bill for costs and fees, to be settled by the presiding judge.

On September 29, 1989, defendant filed a Petition for Enforcement of Appellate Judgment and for Issuance of Mandate in this Court. Plaintiffs moved to dismiss this petition on October 13, 1989. Their grounds were that: 1) the appeal was not properly before this Court; 2) the Appellate Division had issued on September 29, 1989, an order staying mandate; and 3) the matter was on appeal to the Ninth Circuit Court of Appeals.

The Ninth Circuit vacated the decision of the Appellate Division and dismissed the appeal before it on the basis that the Appellate Division lost jurisdiction on May 2, 1989. Camacho v. J.C. Tenorio Enterprises, Inc., No. 89-16245, Order (9th Cir. May 2, 1991).

Due to the Ninth Circuit's May 2, 1991, order, plaintiffs now challenge the manner that defendant brought the case before us. They contend that the transfer of pending appeals from the Appellate Division to this Court should strictly comply with this Court's order of March 14, 1990, "In Re Pending Appeals as of May 2, 1989, in the Appellate Division of the District Court." Because defendant failed to strictly comply with our order, plaintiffs argue that this Court has no jurisdiction over the appeal.

On August 23, 1991, defendant filed an amended petition for enforcement of appellate judgment in this Court. The amended petition seeks an award of attorneys' fees and costs incurred in the appeal to the Appellate Division and in the further prosecution of the same appeal in this Court.[2]

For the reasons stated herein, we deny plaintiffs' motion to dismiss. We grant defendant's petition for rehearing allowing costs and attorneys' fees only in the prosecution of the appeal in the Appellate Division. We deny costs and attorneys' fees in the prosecution of the appeal in this Court. And we further deny defendant's request to make both Camacho and Cushnie jointly liable for the award.

## MOTION TO DISMISS

 Our March 14, 1990, order provided a mechanism allowing the

---

[2]Defendant initially had also sought costs and attorneys' fees incurred in the Ninth Circuit appeal of this case. Defendant later abandoned this request. See Appellee's Reply to Appellants' Opposition at 4.

411

appellant or the appellee to invoke the jurisdiction of this Court in an appeal pending in the Appellate Division for further proceedings. Our order was not an attempt to transfer jurisdiction over pending appeals from the Appellate Division to this Court. The transfer of jurisdiction was accomplished by the passage of Public Law 6-25, i.e., by operation of law. See Pangelinan v. Heirs of Mangarero, supra; Mafnas v. Superior Court, Orig. Action No. 90-003, 1 N.Mar.I. 88 (June 28, 1990); Commonwealth v. Superior Court, Orig. Action No. 90-002, 1 N.Mar.I. 91 (June 28, 1990); Commonwealth v. Bordallo, No. 90-003, 1 N.Mar.I. 52 (June 8, 1990); Vaughn v. Bank of Guam, supra; Wabol v. Villacrusis, supra. As this Court explained in Vaughn v. Bank of Guam, supra, slip op. at 10,

> The purpose of requiring the filing of another notice of appeal by an appellant, or the filing of a motion to assume jurisdiction by an appellee, is solely to provide a mechanism (emphasis added) for the transfer (emphasis in original) of the pending appeals from the Appellate Division to this Court.

It was not our intention that the transfer mechanisms mentioned in our order were to be exclusive. The deadlines are to be strictly applied. However, where an appeal was brought to the attention of this Court before the stated deadlines, even if not pursuant to the specific mechanisms stated in our order, the appeal should not be dismissed as being jurisdictionally defective.

We hold that defendant's September 29, 1989, petition to enforce judgment and for issuance of mandate properly brought the case to this Court. It was not necessary for the defendant to file

412

anything further pursuant to this Court's order of March 14, 1990.

## PETITION FOR REHEARING

The Appellate Division assessed sanctions against plaintiffs in its judgment of April 16, 1989. Defendant filed a petition for rehearing in the Appellate Division seeking clarification on April 24, 1989. As noted above, the Appellate Division granted such petition on August 30, 1989. However, the order was not valid since the Appellate Division no longer had jurisdiction. Public Law 6-25 had transferred the appeal to this Court on May 2, 1989. Defendant correctly sought further prosecution of the appeal in this Court.

How the appeal is to proceed in this Court presents an interesting situation. The procedural history of the appeal is unprecedented. All that the defendant seeks is a clarification of a valid judgment issued by our predecessor court, the Appellate Division.

We are persuaded by the argument of defendant that the doctrine of the law of the case should apply in this situation. We also find that the analogy to federal courts is proper.

In federal courts, it is stated in 18 C. Wright, A. Miller & E. Cooper, *Federal Practice and Procedure: Jurisdiction* § 4478 (1981) that:

> Although courts are often eager to avoid reconsideration of questions once decided in the same proceeding, it is clear that all federal courts retain power to reconsider if they wish. Law of the case principles in this aspect are a matter of practice that rests on

413

> good sense and the desire to protect both court and parties against the burdens of repeated reargument by indefatigable diehards. . . . Most recent decisions suggest that the major grounds that justify reconsideration involve an intervening change of controlling law, the availability of new evidence, or the need to correct a clear error or prevent manifest injustice.
>
> . . .
>
> If a case is transferred from one district court to another, the transferee court should treat prior rulings of the transferor court in much the same way as one district judge treats the rulings of a colleague.

We agree with defendant that there is a need to correct a clear error of the Appellate Division in its April 16, 1989, opinion concerning the amount of the sanction. The opinion's award of "sanctions of $2500 plus double costs" needs clarification. Defendant's petition for rehearing on this matter is hereby granted.

Defendant shall file and serve its request for costs and attorneys' fees incurred in the Appellate Division within 30 days from the date of this decision and order. The costs and attorneys' fees shall be separately filed, itemized, and verified. Plaintiffs shall have 14 days from the date of receipt of the request for costs and attorneys' fees to file and serve objections. The Court will then issue its order, including the date for the issuance of a mandate to the Superior Court.

We are not persuaded that we should otherwise reconsider the judgment of our predecessor, the Appellate Division.

Defendant's additional request to amend the April 16, 1989,

414

opinion so that both Cushnie and Camacho are jointly and severally liable for the award of sanctions is denied. Defendant bases his request on two reasons: 1) greater assurance of collection; and 2) a possible basis for Camacho to shift a greater burden on Cushnie. Clearly, its reason is not because of an intervening change of controlling law, or the availability of new evidence. Neither is its reason based on a need to correct a clear error, or to prevent a manifest injustice. We are not persuaded that we should reconsider this aspect of the Appellate Division opinion.

Plaintiffs argue that if we decide that we have jurisdiction in this matter, we must determine anew the issues raised on appeal by defendant. That is, they wish to brief again the issue of whether sanctions should be awarded, what the standards for those sanctions should be, and what the sanctions should be. Their argument is based on the differences in the wording of the award of sanctions found in the appellate rules of this Court, the Appellate Division, and the Federal Rules of Appellate Procedure. In our rules, it is stated that we "may award just damages and single or double costs to the appellee, including reasonable attorney's fees." R.App.Proc. 38(a). In the Appellate Division, the wording of the applicable rule is "it may award just damages and single or double costs to the appellee, including attorneys fees." The analogous federal rule provides that "it may award just damages and single or double costs to the appellee."

Because our rule states that the award of attorney's fees must be reasonable, and because the Appellate Division rule does not use

the word "reasonable" in the award of attorneys fees, plaintiffs conclude that the Appellate Division did not use the reasonableness standard in its award of sanctions. They argue, therefore, that we must reexamine the entire appeal. We disagree.

We are not convinced that the differences cited by plaintiffs among the applicable appellate rules justify a reconsideration of the entire opinion. Plaintiffs have not pointed to any intervening change of controlling law, availability of new evidence, a need to correct a clear error, or a need to prevent a manifest injustice with respect to the opinion in its entirety.

We do agree that the award of attorney's fees must be based on reasonableness. However, our order allowing defendant to submit itemized costs and attorney's fees, with plaintiffs being given the opportunity to respond to such submission, provides the safeguard for reasonableness.

Defendant's request for costs and attorneys' fees incurred in this Court is denied. The transfer of the appeal, as noted above, was by operation of law. The plaintiffs had no choice in being before this Court. The question of whether this Court lacks jurisdiction because defendant failed to strictly comply with this Court's March 14, 1990, order is an issue of first impression. While plaintiffs have failed to convince this Court that it lacks jurisdiction on this basis, such failure is not sanctionable.

It is hereby **ORDERED** that:

1. Plaintiffs' motion to dismiss is denied; and

2. Defendant's petition for rehearing is granted, subject to

416

the following conditions:

 A. Defendant shall submit its bill of costs and attorneys' fees incurred in the prosecution of the Appellate Division appeal within 30 days of this decision and order;

 B. Plaintiffs shall file their objection within 14 days after receipt of the bill of costs and attorneys' fees;

 C. Defendant's request for joint and several liability is denied; and

 D. Defendant's request for costs and attorneys' fees incurred in this Court is denied.

Dated this 14th day of January 1992.

_____
Jose S. Dela Cruz
Chief Justice

_____
Ramon G. Villagomez
Associate Justice

_____
Jesus C. Borja
Associate Justice